IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 12-MJ-354 |
| v. | |
| | (Hon. Andrew T. Baxter) |
| MICHAEL LOMBARDO | |
| | STIPULATION AND ORDER |
| Defendant. | FOR ENLARGEMENT OF TIME |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STIPULATION

It is hereby stipulated and agreed, by and between the defendant, MICHAEL LOMBARDO (by Donald T. Kinsella, Esq.), and Richard S. Hartunian, United States Attorney for the Northern District of New York (by Tamara B. Thomson, Assistant United States Attorney), that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including ninety (90) days from the date of the signing of this Order and that time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1. The chronology of this case is as follows:

    a. Date of complaint: July 20, 2012

  b. Date of initial appearance: July 20, 2012

  c. Defendant custody status: released on conditions

    i. Date United States moved for detention: July 20, 2012

    ii. Date of detention hearing: July 25, 2012

  d. There have been no prior enlargements of time and exclusions under the Speedy Trial Act.

2. The United States and the defendant have requested the continuance based on the following facts and circumstances:

  a. There are numerous items of electric media to be forensically analyzed, and that is not expected to be complete for approximately 90 days. Until the final analysis is done and the results are available to the parties, the extent of the defendant's violation of the charged crimes, and any defenses thereto, cannot be known.

3. The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial because:

  a. as the forensic analysis is not complete, the arrest occurred at a time such that it is unreasonable to expect return and filing of an indictment within the period specified in section 3161(b), taking into account the exercise of due diligence (3161(h)(7)(B)(iii)), as pertinent facts upon which the grand jury must base its determination are tied to this forensic examination; and

  b. Without a full forensic report the parties reasonably need the additional time for effective preparation, taking into account the exercise of due diligence. (3161(h)(7)(B)(vi))

4. The parties stipulate and agree that the time period from the date of this order, to and including 90 days from the issuance of an Order, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iii) and(vi).

    The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: August 14, 2012

                                RICHARD S. HARTUNIAN
                                United States Attorney

By:   Tamara B. Thomson
      Assistant U.S. Attorney
      Bar Roll No. 515310

      Donald T. Kinsella, Esq.
      Attorney for MICHAEL LOMBARDO
      Bar Roll No. 103149

## ORDER

A. The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

B. The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether a continuance serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial because:

    a. as the forensic analysis is not complete, the arrest occurred at a time such that it is unreasonable to expect return and filing of an indictment within the period specified in section 3161(b), taking into account the exercise of due diligence (3161(h)(7)(B)(iii)),

    b. Without a full forensic report the parties reasonably need the additional time for effective preparation, taking into account the exercise of due diligence. (3161(h)(7)(B)(iv)).

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including ninety (90) days from the date of the signing of this Order and that time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b),

because the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial for the reasons stipulated above.

Dated: _____, 2012

_____
Hon. Andrew T. Baxter
United States Magistrate Judge